**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

AABRIAL L. JOHNSON,

       Petitioner,

v.                                    Case No. 5:23-cv-00602

WARDEN HOLZAPFEL

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).   Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss or, in the alternative, for Summary Judgment (ECF No. 8).

    *I.*    *RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

While incarcerated at FCI Beckley in Beaver, West Virginia, Petitioner filed this action seeking an order for the Federal Bureau of Prisons ("BOP") to correct his alleged misclassification as a "high-risk recidivism" level and to apply Federal Earned Time Credit ("FTC") under the First Step Act of 2018 and grant him early release from incarceration. (ECF No. 1).   On November 8, 2023, Respondent filed the instant Motion to Dismiss or, in the alternative Motion for Summary Judgment, and a Memorandum of Law in support thereof, asserting that Petitioner had not exhausted his administrative remedies, that he was not then eligible for application of FTC, that Petitioner has no protected liberty

interest in early release, and that classification level and early release decisions are not subject to judicial review.   (ECF Nos. 8 and 9).

Pursuant to the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was ordered to respond to Respondent's motion by December 8, 2023.   (ECF No. 10).   Petitioner did not respond by that deadline and, according to the inmate locator on the BOP's website, [www.bop.gov](www.bop.gov), he was thereafter released from BOP custody on January 11, 2024.   Thus, his § 2241 petition is now moot.

## II.    DISCUSSION

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.   U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).   When a case or controversy no longer exists, the claim is said to be "moot."   In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.   *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).   As noted above, Petitioner has been released from BOP custody without any collateral consequences under the circumstances presented; thus, this court cannot grant his requested relief.

## III.    RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to his release from BOP custody.   Accordingly, it is

2

respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 8), and dismiss this matter from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on the opposing party and Judge Volk.

3

The Clerk is directed to file this Proposed Findings and Recommendation, mail a copy of the same to Petitioner at his last known address, and transmit a copy to counsel of record.

July 3, 2024

Dwane L. Tinsley
United States Magistrate Judge